

**U.S. Department of Justice**

Criminal Division

---

*Appellate Section*               *Washington, D.C.  20530*

June 17, 2026

The Honorable David J. Smith
Clerk of Court
U.S. Court of Appeals for the Eleventh Circuit
56 Forsyth St., N.W.
Atlanta, Georgia 30303

       Re:    Rule 28(j) letter in *United States v. Shane Hampton*, No. 24-12236
              (oral argument scheduled for June 26, 2026, in Miami)

Dear Mr. Smith:

      Two recent circuit decisions implicate issues in this appeal.

      The term "investment contract" refers to an investment transaction where the individual "is led to expect profits solely from the efforts of the promoter or a third party." *S.E.C. v. W.J. Howey Co.*, 328 U.S. 293, 299 (1946). In reviewing this definition, the Ninth Circuit in *S.E.C. v. Barry*, 146 F.4th 1242 (9th Cir. 2025), explained that "[i]nvestors' expectations can be established through promoters' representations in materials such as brochures, advertisements, oral statements, or contracts." *Id*. at 1252. Under this approach, the jury could reasonably consider the co-conspirators' public statements promoting the Hydro token's technology, popularity, and future utility when assessing investors' profit expectations. *See* Gov't Br. 27-29.

      The Ninth Circuit further explained that "the relevant inquiry into whether an investment contract exists depends on whether an investor is led to expect profits from the promoter or a third party." *Barry*, 146 F.4th at 1257. This formulation tracks the district court's instruction to the jury below, asking whether "the individual buyer depended upon the efforts for Hydrogen for their returns: i.e., profits." DE.280:167; *see* Gov't Br. 50-52.

      Finally, the First Circuit in *United States v. Maldonado-Vargas*, 159 F.4th 69 (1st Cir. 2025), found "no authority" supporting a "require[ment] that a

defendant know that the agreements at issue were securities." *Id*. at 84. That aligns with decisions from the Fifth and Ninth Circuits (*see* Gov't Br. 45-46), and undercuts Hampton's contention that he was entitled to present state-of-mind evidence documenting regulatory uncertainty in 2018 regarding whether cryptocurrency assets qualify as securities (*see* Hampton Br. 52).

Respectfully submitted,

/s/ David M. Lieberman
David M. Lieberman
Appellate Section
Criminal Division
U.S. Department of Justice
950 Pennsylvania Ave., NW Room 1264
Washington, DC 20530
(202) 262-6805

## CERTIFICATE OF SERVICE

I certify that, on June 17, 2026, I served an electronic copy of this letter on counsel of record via the Court's ECF system.

/s/ David M. Lieberman

## CERTIFICATE OF COMPLIANCE

This letter complies with the limitation in Fed. R. App. P. 28(j) because it contains 263 words.

/s/ David M. Lieberman